**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J Myers, Jr., | No. CV-19-05243-PHX-MTL |
| Plaintiff, | **ORDER AND** |
| v. | **PERMANENT INJUNCTION** |
| Freescale Semiconductor Incorporated, | |
| Defendant. | |

*Repetitio est mater studiorum* – repetition is the mother of study. But Plaintiff William Myers has avoided study despite state and federal courts repeatedly rejecting his arguments concerning the very issues presented in this case. For years, he has recycled the same baseless and time-barred legal arguments. For the reasons expressed herein, the Court grants Defendant Freescale Semiconductor's Motion to Declare Plaintiff a Vexatious Litigant (Doc. 8) and its Motion to Dismiss for Failure to State a Claim (Doc. 9) but denies Plaintiff's Motion to Strike (Doc. 17) and Motion to Request Judicial Notice (Doc. 20). Further, the Court permanently enjoins Mr. Myers from filing future claims against Freescale, its agents, representatives, related entities, or counsel concerning his employment at Freescale without first obtaining an exception from the injunction by filing a Motion to do so under this case name and number.

**I.     BACKGROUND**

   **A.     Plaintiff's History with Freescale**

Mr. Myers used to work at Freescale Semiconductor ("Freescale"), now known as

NXP USA. According to Freescale, the company received complaints that Mr. Myers sexually harassed coworkers. (Doc. 9 at 2.) The company says that it investigated the matter, concluded that the allegations were credible and terminated Mr. Myers' employment. (Doc. 9-1 at 4.) He then began filing a series of lawsuits against Freescale and its attorneys, all involving allegations about his departure from the company and/or the ensuing litigation. (Doc. 9 at 2-5.)

### B.     Prior Litigation[1]

Originally represented by an attorney, Mr. Myers filed his first lawsuit involving these issues in Arizona Superior Court in 2012. (Case No. CV-12-01964-PHX-NVW, "Myers I" Doc. 1-1 at 2-8.) His complaint alleged defamation and that Freescale terminated him as a result of age and sex discrimination. (*Id.* at 4-6.) It further alleged that Freescale converted the property that he left behind when he was fired and escorted off the premises. (*Id.* at 6.) Freescale removed the case to this Court. (Myers I Doc. 1.) Mr. Myers' attorneys in the case eventually withdrew, citing "irreconcilable differences over issues arising out of this litigation as well as over the management and direction of the litigation." (Myers I Doc. 21.) Mr. Myers continued the suit *pro per*. Freescale filed a Motion for Summary Judgment. (Myers I Doc. 29.) Mr. Myers' Response argued, in part, that he was fired based on fabricated allegations, which Freescale human resources manager Victoria Brush allegedly investigated and substantiated. (Myers I Doc. 35 at 5-6, 12.) This Court granted summary judgment in Freescale's favor. (Myers I Doc. 33.)

Mr. Myers subsequently filed eight motions demanding that the Court file criminal charges against various Freescale officials and attorneys (Myers I Docs. 45-48; Doc. 50-53). The Court denied four of those motions (Myers I Doc. 49), struck the other four (Myers I Doc. 54) and required judicial approval before Mr. Myers could file additional documents in that case (*id.*). Nearly two years later, Mr. Myers requested permission to submit a handwriting expert's affidavit to demonstrate that Ms. Brush's declaration about

---

[1] As public records, the Court may, and does, take judicial notice of the existence of the court proceedings outlined in this section without converting the Motion to Dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

the human resources investigation (the "Brush Declaration") was forged. (Myers I Doc. 55.) The Court denied that motion and Mr. Myers appealed to the Ninth Circuit, which ruled the appeal untimely. (Myers I Docs. 56, 57, 62-1.)

Three months after the final judgment in Myers I, Plaintiff filed another Superior Court lawsuit. That case was eventually removed to this Court. (Case No. CV-13-01907-PHX-NVW, "Myers II" at Doc. 1.) This time, Mr. Myers had a new theory of the case, inconsistent with his prior wrongful termination claim. In Myers II, Plaintiff alleged that he was not technically terminated from Freescale since the company never took him off administrative leave. (Myers II Doc. 1-1 at 4.) The causes of action were unpaid wages and, like in the first suit, conversion. (*Id.* at 4-5.) The Court dismissed the case under *res judicata* because Mr. Myers could have brought the unpaid wages claim in Myers I and the Court already decided the conversion claim. (Myers II at Docs. 7 and 8.) On appeal, the Ninth Circuit affirmed. 600 Fed.Appx. 535 (Mem.) (9th Cir. 2015).

In Myers III, Plaintiff filed another suit against Freescale in Arizona Superior Court. (Ariz. Sup. Ct. Case No. CV2015-093524.) The court dismissed the wrongful discharge claim under *res judicata*, finding it identical to the claims brought in Myers I and II. (Doc. 8-1 at 2.) It further found that the defamation claims, which stemmed from statements made in Myers II, were protected by absolute privilege. (*Id.* at 3.) Additionally, it found the claims untimely. (*Id.*) Finally, in a separate order, the Superior Court denied Plaintiff's request in that case to file criminal charges against Leah Freed, the attorney who represented Freescale.

On the same day he filed Myers III, Plaintiff filed another suit in Superior Court. This time, it was against Ms. Freed. (Ariz. Sup. Ct. Case No. CV2015-093525, "Myers IV".) Myers IV was a defamation cause of action based on statements allegedly made during the course of the prior legal proceedings. (*See* Doc. 8-1 at 5.) The Superior Court granted Defendant's Motion to Dismiss, finding that Plaintiff did not show that absolute privilege does not apply or that the claims were not time barred. (*Id.*)

Plaintiff filed another complaint against Freescale in Superior Court months later.

(Ariz. Sup. Ct. Case No. CV2015-096328, "Myers V".) That case also alleged defamation, wrongful discharge, conversion and that the Brush Declaration was forged. (Doc. 8 at 4-5.) The Superior Court found that Plaintiff filed the complaint in that case without substantial justification. (Doc. 8-1 at 9.) Among the eight motions that the Superior Court struck as improper was Plaintiff's Motion to Request for Admission of Fraud on the Court. More than a month after the Superior Court dismissed the complaint and entered judgment, Plaintiff filed a motion to strike that court's judgment, which was denied as improper, without legal basis and untimely.

In Myers VI, (Ariz. Sup. Ct. Case No. CV2016-092450), the Superior Court granted summary judgment because Mr. Myers' fraud, and breach of good faith and fair dealing claims were "similar, if not identical" to his prior claims. (Doc. 8-1 at 12.) Plaintiff then filed motions under Fed. R. Civ. P. 60(b)(3) and 60(d)(3), requesting relief on the basis that the court relied on the allegedly forged Brush Declaration. The court denied those motions, emphasizing that it granted summary judgment based on *res judicata*. (Doc. 8-1 at 45.)

In *Myers v. Freed*, (Ariz. Sup. Ct. Case No. CV2018-096596, "Myers VII") and *Myers v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, (Ariz. Sup. Ct. Case No. CV2018-096597, "Myers VIII"), Plaintiff sued Freescale's attorney and her firm, respectively. Mr. Myers attacked the judgment in Myers VI and again alleged that counsel committed fraud on the court. The Superior Court granted a consolidated motion to dismiss both cases, finding that *res judicata* and absolute privilege applied. (Doc. 8-1 at 51-52.)

Further, Ms. Freed's motion in Myers VII resulted in the Superior Court's declaring Mr. Myers a vexatious litigant. (Doc. 8-1 at 57-59.) The court noted that some of Mr. Myers' filings "contain insulting and demeaning language aimed at [] judges who have ruled against Mr. Myers in previous cases." (*Id.* at 58.) The court also found that Mr. Myers filed "multiple court actions without substantial justification; and has filed claims or requests for relief that have been the subject of previous rulings by a court in the same litigation." (*Id.* at 59.) The order therefore required Mr. Myers to request leave from the civil presiding judge before filing additional lawsuits. (*Id.*)

After the judge in Myers VII recommended that the Superior Court declare Mr. Myers a vexatious litigant but before the presiding judge did so, he filed another suit against Freescale, again alleging fraud on the court and defamation.  (Ariz. Sup. Ct. Case No. CV2019-004491, "Myers IX".)  The court dismissed that case in minute entry.  (Doc. 8-1 at 54-55.)

Not to be discouraged by the Superior Court's vexatious litigant order, Plaintiff filed the instant case ("Myers X") against Freescale in this Court.  (Doc. 1.)  The Complaint alleges defamation and fraud on the court and requests $20 million in damages.  (*Id*. at 5, 9, 16.)  Months later, Plaintiff filed suit in this Court against Ms. Freed.  (Case No. CV-19-05683-PHX-SMB, "Myers XI").  Myers XI also alleged defamation and fraud on the Court.  (Myers XI Doc. 1 at 4, 9.)  The Court summarily denied Plaintiff's Motion to Request Judicial Notice and his Motion to Strike the Motion to Dismiss in that case.  (Myers XI Doc. 34 at 2.)  Additionally, the Court struck Plaintiff's Notice of Supplemental Authority, which contained a number of factual assertions rather than limiting itself to flagging legal authorities.  (*Id*.)  The Court dismissed Myers XI because of a lack of subject-matter jurisdiction and because the case amounted to an improper appeal of a Superior Court judgment.  (*Id*. at 10-11.)  After filing Myers XI, but before its dismissal, Plaintiff filed, in this Court, Myers XII against Freescale's law firm, Ogletree, Deakins, Nash, Smoak & Stewart PC.  (Case No. 20-CV-00077-SMB.)  The Court summarily dismissed that case due to Mr. Myers' failure to respond to Ogletree's Motion for Summary Adjudication. (Myers XII Doc. 19.)

## II.     MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

### A. Standard for Declaring a Party a Vexatious Litigant

While the All Writs Act provides federal district courts the inherent power to declare a vexatious litigant and require leave of Court before filing a Complaint, doing so is an extreme remedy.  28 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Before imposing such a requirement, a court must (1) give Plaintiff notice and an opportunity to be heard; (2) compile an adequate record, including a list of

cases and filings used to determine that a party is a vexatious litigant; (3) make findings of frivolousness or harassment; and (4) tailor the remedy to the specific vexatious conduct. *See id.* at 1057-59. Numerous filings alone do not render a litigant vexatious. *Id.* at 1061. Claims without merit or which grossly exaggerate the facts are also factors to consider. *Id. at* 1060-61. The Court should also consider whether the vexatious party has counsel, has caused needless expense to other parties and whether lesser sanctions would be effective. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

### B. Legal Analysis

Freescale filed a Motion to Declare Mr. Myers a vexatious litigant. (Doc. 8.) Mr. Myers filed his Response. (Doc. 14.) Freescale then filed a Reply. (Doc. 15.) The Court also held oral argument so that both parties could further explain their positions. (Doc. 26.) Thus, Mr. Myers had an opportunity to be heard.

The Court has considered Mr. Myers' multiple lawsuits against Freescale, its attorney and her firm. The Court has considered not only to the number but also the content of Mr. Myers' filings. *Molski*, 500 F.3d at 1059. The prior suits, like this one, amount to claims that Mr. Myers was fired, or could not have been fired because he was never taken off of administrative leave, or the Freescale attorney defamed him in litigation or that court rulings were premised on a forged declaration from a human resources manager. In short, each involves the events leading up to Mr. Myers' departure from Freescale, the effects of that departure and the subsequent litigation against him. Courts have time and again told Mr. Myers that these issues have been decided against him. Yet he continues to pursue them, costing the parties, the Court, and the taxpayers unnecessary time and expense.

The Court also notes that Mr. Myers filed inappropriate motions in many of those cases, requesting that criminal charges be brought against people associated with Freescale, including its attorney. The Court finds that those requests had no legal basis and the Court finds that their purpose was to vex and harass the parties. Further, the Superior Court's finding that Mr. Myers is a vexatious litigant (Doc. 8-1 at 57) is telling. Courts have previously imposed sanctions, attorneys fees and costs on Mr. Myers, even requiring

garnishment to satisfy the judgment. Nonetheless, Mr. Myers persists with suits against Freescale, its attorney and her firm.

The Court finds that a more specific remedy is necessary to prevent the continued harassment and vexation of Freescale, its associates and its attorney. Without a remedy tailored to this specific problem, the Court finds that Mr. Myers would continue to pursue meritless claims, identical to those already rejected by federal and state courts, including allegations that a member of the bar committed fraud, thereby violating her professional obligations.

Therefore, the Court finds that all four factors outlined in *Molski* are satisfied and Plaintiff William Myers is a vexatious litigant. The Court will therefore permanently enjoin Plaintiff from filing in this Court additional lawsuits in any way related to his employment at Freescale without obtaining leave as described in Section VI.

### III. MOTION TO DISMISS

#### A. Legal Standard on a Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)). Dismissal for failure to state a claim is appropriate when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "A pleading that offers . . . naked assertions devoid of further factual enhancement" does not state a claim "that is plausible on its face" and is thus subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted). "Ordinarily affirmative defenses [such as *res judicata*] may not be raised by motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (internal citation omitted).

/ / /

/ / /

**B. Legal Analysis – Res Judicata**

Arizona law governs the res judicata effect of Superior Court judgments. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (applying state preclusion law to a state court judgment). For res judicata to apply under Arizona law, the prior case must have involved a final judgment on the merits. *Hall v. Lalli*, 952 P.2d 748, 750 (Ariz. App. 1997), aff'd, 977 P.2d 776 (Ariz. 1999). Additionally, there must be identity of parties, the capacity in which they appeared, subject matter, and the cause of action. *Id*.

Myers V, a Superior Court case, is an example of why *res judicata* applies. Mr. Myers sued Freescale, meaning the parties and their capacities were the same. (Doc. 9-1 at 21.) Both that case and this one involve fraud on the court and defamation claims that originated with his termination from Freescale and the subsequent litigation, meaning the subject matter and the causes of action are the same. (*Id*. at 23-24.) Finally, the Superior Court entered a final judgment on the merits in that case. Mr. Myers' claims in this case are therefore subject to *res judicata*.

Freescale also argues that any allegedly defamatory statements made during the course of prior litigation are subject to absolute privilege, most of Mr. Myers' claims are time barred, and he has failed to state a claim for extrinsic fraud or even state the elements of fraud in his Complaint. (Doc. 9.) Because the claims are barred under *res judicata*, the Court need not address Freescale's other arguments for dismissal.

**IV.   MOTION TO STRIKE**

In Mr. Myers' Motion to Strike (Doc. 17) Freescale's Motion to Dismiss (Doc. 9), the same arguments reappear. Once again, Mr. Myers argues that he wasn't technically fired because Freescale never took him off administrative leave, and Ms. Freed's allegations concerning Mr. Myers' termination are "Viscous [sic] Lies" which have misled the Court and run short of her professional responsibility obligations. (Doc. 17 at 2-6.) Courts have already rejected these claims and this Court will not reexamine them in a Motion to Strike. The Court will deny the Motion to Strike.

/ / /

## V. MOTION TO REQUEST JUDICIAL NOTICE

Mr. Myers asks the Court to take judicial notice that Freescale's statements that he was terminated after the company substantiated the sexual harassment allegations against him are "vicious lies" that harmed his reputation, misled judges and prevented his cases from being fairly adjudicated. (Doc. 20.) This request does not, and indeed cannot, comply with the relevant standard outlined in Rule 201 of the Federal Rules of Evidence or any other rule applicable to judicial notice. The Court will deny this Motion.

## VI. CONCLUSION

Courts have repeatedly addressed the circumstances surrounding Mr. Myers' departure from Freescale Semiconductor. They have also had the opportunity to reconsider in light of Mr. Myers' argument about the authenticity of the signature on the Brush Declaration. For the better part of a decade, Mr. Myers has been filing numerous meritless suits. This behavior has come at a grave cost to judicial resources, Freescale and its attorneys. Freescale's motions are well-taken.

Accordingly,

**IT IS ORDERED** granting the Motion to Declare Plaintiff a Vexatious Litigant. (Doc. 8.)

**IT IS FURTHER ORDERED** that Plaintiff is permanently enjoined from filing any further actions in the United States District Court for the District of Arizona that name or involve Freescale, NXP, their agents, or representatives without first seeking and obtaining leave from the undersigned by filing a Motion in this case.

**IT IS FURTHER ORDERED** that in any new civil action brought in the United States District Court for the District of Arizona by Plaintiff against Freescale, NXP, their agents, or representatives, Plaintiff shall file concurrently with his initial pleading: (i) a copy of the order issued by this Court regarding Plaintiff's status as a vexatious litigant; and (ii) a notice of similar cases which specifically identifies all cases Plaintiff has filed against Freescale, NXP, their agents, or representatives; (iii) a copy of an order from this Court granting Plaintiff leave to file a new case.

**IT IS FURTHER ORDERED** that Plaintiff is permanently enjoined from filing any further actions, in the United States District Court for the District of Arizona, against counsel for Freescale or NXP that address their representation of Freescale during litigation in any way related to Plaintiff's employment at Freescale without first seeking and obtaining leave from the undersigned by filing a Motion in this case.

**IT IS FURTHER ORDERED** that in any new civil action brought in the United States District Court for the District of Arizona by Plaintiff against counsel for Freescale or NXP that address their representation of Freescale, its agents or representatives during litigation in any way related to Plaintiff's employment at Freescale, he shall file concurrently with his initial pleading a copy of the order issued by this Court regarding Plaintiff's status as a vexatious litigant as well as an order from this Court granting him leave to file the action.

**IT IS FURTHER ORDERED** that the Clerk provide a copy of the order issued by this Court regarding Plaintiff's status as a vexatious litigant to the judges of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED granting** with prejudice the Motion to Dismiss for Failure to State a Claim. (Doc. 9.)

**IT IS FURTHER ORDERED denying** Plaintiff's Motion to Strike (Doc. 17) and Motion to Request Judicial Notice (Doc. 20).

**IT IS FURTHER ORDERED** allowing Defendants to move for costs and fees consistent with the Local Rules.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 29th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge