**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Myers, Jr., | No. CV-19-05243-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Freescale Semiconductor Incorporated, | |
| Defendant. | |

The matter before the Court is Defendant Freescale Semiconductor Incorporated's ("Freescale") Motion for Attorneys' Fees. (Doc. 31.) For the reasons set forth below, the Court grants Defendant's Motion and awards $3,500 in attorneys' fees to be paid personally by *pro se* Plaintiff William Myers.

**I.   BACKGROUND**

Plaintiff is no stranger to litigation. Prior to this case's initiation, he unsuccessfully attempted nine times to litigate claims relating to his termination from Freescale. (Doc. 27 at 2-5.) And like prior adjudicating courts, this Court found Plaintiff's most recent suit was barred by the doctrine of *res judicata* and dismissed the case with prejudice. (*Id.* at 8, 10.) Further, the Court declared Plaintiff to be a vexatious litigant based on his pursual of meritless claims against Freescale and their attorneys and enjoined him from filing any future lawsuits in this Court concerning his employment at Freescale without first obtaining leave and an exception from the injunction. (*Id.* at 1, 4, 9-10.) Now, Defendant moves to recover $23,901.10 in attorneys' fees "incurred in defending against Plaintiff's meritless

and vexatious claims and other court filing intended to protract this litigation." (Doc. 31 at 1.)

## II.  LEGAL STANDARDS

Under 28 U.S.C. § 1927, "any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the [district] court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An order of § 1927 sanctions in the form of attorneys' fees "may be imposed upon a pro se plaintiff." *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990). Assessment of these types of sanctions requires a court to make a finding of bad faith. *See, e.g.*, *West Theatre Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). Bad faith is present whenever an attorney or pro se party "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (internal citations omitted). Thus, recklessness is the threshold required to impose § 1927 sanctions. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ("recklessness suffices for § 1927"); *see also Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989) (mere negligence is insufficient to levy sanctions).

Beyond its statutorily authorized powers, the Court also possesses an inherent power "to impose sanctions in the form of fee awards." *Zambrano*, 885 F.2d at 1481. Although the general rule—often referred to as the "American Rule"—is that a litigant cannot recover their attorneys' fees, "that rule does not apply when the opposing party has acted in bad faith." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765-66 (1980) (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975)). The Court may utilize its inherent authority to assess attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 766 (internal marks and citation omitted). Unlike 28 U.S.C. § 1927 sanctions, inherent power sanctions require more than just mere recklessness. *See, e.g.*, *Fink*, 239 F.3d at 993-94. However, recklessness

1  "combined with an additional factor such as frivolousness, harassment, or an improper purpose" allows a court to exercise its inherent sanctioning power. *Id.* at 994.

District courts have substantial discretion to decide whether to award sanctions under § 1927 or their inherent power, and in what amount. *Haynes v. City and County of San Francisco*, 688 F.3d 984, 987-88 (9th Cir. 2012). The purpose of a sanctions award "may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Id.* The award is intended only to cover excess costs incurred due to unreasonable conduct; it is not meant to reimburse a party for ordinary trial costs. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985). Thus, the sanction award amount cannot be greater than the attorneys' fees expended by the opposing party, but it may be less. *See Haynes*, 688 F.3d at 987. The Court may consider other factors, such as the sanctioned party's ability to pay, in determining the amount of sanctions to be imposed. *See id.*

### III. ANALYSIS

Plaintiff's litigation habits and improper filings meet the recklessness threshold required for § 1927 sanctions. Plaintiff's Response to Defendant's Motion for Attorneys' Fees (Doc. 34) is an illustrative snapshot that demonstrates why a grant of attorneys' fees as sanctions is appropriate. In his Response, Plaintiff does not attempt to combat the merits of Defendant's Motion other than a blanket assertion that "[a]ny amount of reward to Defendant is absurd." (*Id.* at 1, 3.) He instead uses the filing as an opportunity to rehash rejected claims against Freescale and to accuse Defendant's counsel of committing fraud on the court. (*Id.* at 1.) The Court considers these claims inappropriately levied and lacking in legal or factual basis. Their sole purpose appears to be vexatious and harassing.

Plaintiff has continued to initiate litigation against Freescale using meritless and already rejected claims. (Doc. 27 at 2.) Like other courts before it, the Court here found that Plaintiff's claims were prohibited by the doctrine of *res judicata*. (*Id.*) Having already been declared a vexatious litigant in the Superior Court of Arizona for Maricopa County, Plaintiff had more than adequate notice that his filing of this lawsuit would yield the

outcome that it did. (*Id.*) This Court found it necessary to permanently enjoin the Plaintiff, declaring him a vexatious litigant as a result of his harassing conduct. (Doc. 27 at 7, 9, 10.) Plaintiff has used litigation in at least a recklessly harassing manner and has unnecessarily multiplied the proceedings.* Accordingly, the threshold for § 1927 sanctions has been met and an award of attorneys' fees is appropriate.

An order of sanctions in the form of attorneys' fees is also justified pursuant to the Court's inherent power. After reviewing Plaintiff's litigation history involving Freescale, the Court is convinced that Plaintiff has acted with sufficiently bad faith to merit these sanctions. (*See* Doc. 27.) Plaintiff's actions have been accurately characterized as harassing and inappropriate. (*Id.*) Thus, his conduct and the improper motives behind it satisfy the requirements for inherent power sanctions. *See, e.g.*, *Fink*, 239 F. 3d at 994 (finding that "an attorney's reckless [conduct], when coupled with an improper purpose . . . [is] sanctionable under a court's inherent power"). An assessment of attorneys' fees is appropriate under the Court's inherent sanctioning power.

Given that the Court has determined that sanctions on Plaintiff in the form of attorneys' fees are warranted, the Court will now use its discretion to determine the proper amount to award Defendant. *See Haynes*, 688 F.3d at 988 ("Just as it is within the discretion of the district court to decide whether to reduce the amount [of a § 1927 sanction award] at all, the amount to which the sanction will be reduced is equally within the court's discretion."). Defendant, through counsel, seeks $23,901.10 in attorneys' fee and non-taxable expenses as sanctions under § 1927 or the Court's inherent power. (Doc. 31.) However, considering Plaintiff's *pro se* status and his potential inability to pay the amount requested, the Court will use its discretion to reduce the amount of the sanctions award to $3,500. The Court finds that this amount is sufficient to both (1) deter future misconduct by Plaintiff and (2) compensate, in part, Defendant and its counsel for their losses related to Plaintiff's misconduct.

---

* The Court is also mindful that Plaintiff inappropriately submitted a Supplement (Doc. 35) to his second Motion to Set Aside Judgment (Doc. 32) almost two weeks after the Court had already issued its Order (Doc. 33) denying that motion. This conduct unnecessarily prolongs the proceedings and shows Plaintiff's indifference for the Court's orders.

### IV. CONCLUSION

Defendant has shown that Plaintiff's actions justify sanctions in the form of attorneys' fees and non-taxable expenses under both 21 U.S.C. § 1927 and the Court's inherent power.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 31) is **granted** in the amount of $3,500.

Dated this 5th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge